THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| B.E. and A.R., on their own behalf and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>DOROTHY F. TEETER, in her official capacity as Director of the Washington State Health Care Authority,<br><br>Defendant. | CASE NO. C16-0227-JCC<br><br>ORDER CERTIFYING CLASS |

This matter comes before the Court on Plaintiffs' Motion for Class Certification (Dkt. No. 17), which Defendant opposes (Dkt. No. 28). On May 27, 2016 the Court granted Plaintiffs' motion for a preliminary injunction and ordered the Washington Health Care Authority ("WHCA") enjoined from applying its 2015 policy regarding the treatment of the Hepatitis C virus ("HCV"). (Dkt. No. 40.) After granting Plaintiffs' request for a preliminary injunction, the Court ordered additional briefing discussing "what effect—if any—the issuance of the preliminary injunction has on Plaintiffs' motion for class certification." (Dkt. No. 41 at 2.) The Court has received this additional briefing. (Dkt. Nos. 42, 45, and 48.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.    BACKGROUND

Without reciting the factual background provided in the Court's order granting Plaintiff's motion for a preliminary injunction (Dkt. No. 40 at 1–3), the above-captioned matter is brought by Washington Medicaid enrollees who have contracted HCV and not received medication known as Direct-Acting Antivirals ("DAAs") despite the well-documented success rate of DAA treatment. (Dkt. No. 1.) Plaintiffs bring this suit under 42 U.S.C. § 1983, alleging violation of Title XIX of the Social Security Act (also known as the "Medicaid Act"). (*Id.* at 13–15.)

In tandem with their motion for a preliminary injunction, Plaintiffs move the Court to certify their class under Fed. R. Civ. P. 23. (Dkt. No. 17.) The class is defined as:

> "All individuals who:
>
> (1) Were, are, or will be enrolled in WHCA's Medicaid Program on or after October 10, 2014;
>
> (2) Require, or are expected to require treatment for HCV with Harvoni/ledipasvir-sofosbuvir or other similar DAAs under the current guidelines adopted by the American Association for the Study of Liver Diseases and the Infectious Diseases Society of America; and
>
> (3) Do not meet the coverage criteria for HCV medication adopted by WHCA, as reflected in Appendix 1 to Plaintiffs' Complaint.[1]"

(*Id.* at 5.)

## II.    DISCUSSION

### A.    Standard of Review

Fed. R. Civ. P. 23 provides the standard for class certification. As the party seeking class certification, Plaintiffs "bear[] the burden of demonstrating that the requirements of Rules 23(a) and (b) are met." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 807 (9th Cir. 2010). A court facing a class certification motion is required to conduct "a rigorous analysis" to ensure that the Rule 23

---

[1] This coverage policy was recently enjoined by the Court's Order Granting Plaintiffs' Motion for a Preliminary Injunction. (Dkt. No. 40 at 11.)

requirements are satisfied. *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 161 (1982). Pursuant to Rule 23(a), a court may certify a class only if the following four elements are met:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. Proc. 23(a). After satisfying the Rule 23(a) prerequisites, a plaintiff must also demonstrate that the case is maintainable as a class action under one of the three Rule 23(b) prongs. Here, Plaintiffs argue that the class is certifiable under the second prong of Rule 23(b). This prong—Rule 23(b)(2)—provides that class certification is appropriate where the defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

In determining whether the Rule 23 requirements have been met, "the question is not whether the plaintiff [has] stated a cause of action or will prevail on the merits." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78 (1974) (*quoting Miller v. Mackey Int'l*, 452 F.2d 424, 427 (5th Cir. 1971)) (internal quotation marks omitted). A court is required to examine the merits of the underlying claim, "only inasmuch as it must determine whether common questions exist; not to determine whether class members could actually prevail on the merits of their claims." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011) (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 n.6 (2011)); *see also United Steel*, 593 F.3d at 809 ("But a court can never be *assured* that a plaintiff will prevail on a given legal theory prior to a dispositive ruling on the merits, and a full inquiry into the merits of a putative class's legal claims is precisely what both the Supreme Court and we have cautioned is not appropriate for a Rule 23 certification inquiry.").

The WHCA argues that class certification is "unnecessary" because the preliminary injunction benefits all class members regardless of whether they are formally certified. (Dkt. No.

28 at 4; Dkt. No. 45 at 3–4.) As Plaintiffs argue in response, however, necessity is not a required showing for certification under Fed. R. Civ. P. 23(b)(2). (*See* Dkt. No. 36 at 3.) "Rule 23 clearly sets forth the required findings a court must make prior to certifying a class action and 'necessity' is not a listed requirement." *Fernandez v. Dep't of Soc. & Health Servs.*, 232 F.R.D. 642, 646 (E.D. Wash. 2005). In fact, class certification may be appropriate even if the requested relief could be obtained through individual lawsuits. *Id.* (citing *Zepeda v. I.N.S.*, 753 F.2d 719, 729 n. 1 (9th Cir. 1983). Other courts have declined to impose a necessity requirement and this Court follows suit. *Californians for Disability Rights, Inc. v. California Dep't of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008) ("there is no requirement that class certification must be 'necessary.'"); *Smith v. Univ. of Wash. Law School*, 2 F. Supp. 2d 1324, 1344 (W.D. Wash. 1998) (Zilly, J.); *Nehmer v. U.S. Veterans' Admin.*, 118 F.R.D. 113, 119 (N.D. Cal. 1987).

Additionally, the WHCA argues that the availability of further administrative appeals means that there is an adequate alternative remedy to filing this class action lawsuit. (Dkt. No. 28 at 7.) However, Plaintiffs were not required to exhaust their administrative remedies prior to filing their case. "In the absence of a statutory provision to the contrary, it is not necessary to exhaust administrative remedies before commencing a § 1983 action." *Arc of Washington State Inc. v. Braddock*, 129 F. App'x 348, 351 (9th Cir. 2005).

Accordingly, the Court focuses its review of the class certification from the well-established Rule 23 framework.

B.     **Rule 23(a) Application**

1.     **Numerosity**

The first requirement under Rule 23(a) is that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "'[I]mpracticability' does not mean 'impossibility'" rather, impracticability means only "the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir.1964) (internal citations omitted). While there is no bright-line rule regarding the number of

class members that would typically satisfy this criteria, "[i]n general, courts find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 F. Appx. 646, 651 (9th Cir. 2010); *see also Dunakin v. Quigley*, 99 F. Supp. 3d. 1297, 1326–27 (W.D. Wash. 2015) (Robart, J.).

Here, there is no real dispute as to whether the numerosity requirement is satisfied: it is. 75,000–100,000 people are estimated to be infected with HCV in Washington State. (Dkt. No. 24-1 at 2.) By the WHCA's own estimates, over 900 Medicaid recipients with HCV were denied coverage for DAAs in 2015. (Dkt. No. 24-1 at 19) (Demonstrating that, of the 1,695 members requesting treatment, 45 percent were approved.) Joinder of this very large class would be impracticable, and the Court concludes that the numerosity requirement is satisfied.

**2.   Commonality**

The commonality prong of the certification test requires there to be "questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). This requirement has been "construed permissively," such that not all legal and factual questions must be the same. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "The existence of shared legal issues with divergent factual predicates is sufficient." *Id.* Rule 23(a)(2) may be satisfied by "a single significant question of law or fact." *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012).

The WHCA argues that commonality is not met in this case due to the variation in medical symptoms present in the proposed class. (Dkt. No. 28 at 8.) "[E]very person's situation and circumstance might be different as to why they should or should not receive the drug . . ." (*Id.* at 9.) By the WHCA's logic, because individuals living with HCV will manifest symptoms and react to drugs differently, "the correct forum for contesting denials of these drugs is the administrative forum" and "there is no commonality of facts to justify certification of a class." (*Id.*) This argument, however, misses the mark. Plaintiffs have brought forth a single, central common question of law in this case: whether the WHCA's February 25, 2015 HCV treatment

policy violates the Medicaid Act. In this case, the Court has already issued a preliminary injunction due to the compelling nature of this central legal question. (Dkt. No. 41.) The Court finds that the commonality prong is satisfied with respect to this class.

### 3. Typicality

Under Rule 23(a)(3), named plaintiffs must demonstrate that (1) other members of the class have the same or a similar injury, (2) the action is based on conduct which is not unique to the named plaintiffs, and (3) other class members have been injured by the same course of conduct. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). This presents a "permissive standard," in that the circumstances of the named plaintiffs need only be "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "It does not matter that the named plaintiffs may have in the past suffered varying injuries or that they may currently have different health care needs," so long as the named plaintiffs' claims are typical of the class. *Parsons v. Ryan*, 754 F.3d 657, 686 (9th Cir. 2014).

B.E. and A.R. are both Washington residents and Medicaid enrollees. (Dkt. No. 1 at 2.) They were both prescribed Harvoni and denied coverage for the drug by the WHCA. (*Id.*) Both B.E. and A.R. have contracted HCV and have fibrosis scores lower than F3, such that they have been excluded from DAA treatment coverage under the WHCA's February 2015 policy. (*Id.* at 10.) Nothing on the record before the Court indicates that there is any conflict such that B.E. and A.R. should not be named class representatives, or that the WHCA's actions were unique to B.E. or A.R. Noticeably, the WHCA does not argue that the named plaintiffs are atypical. (Dkt. No. 28.) The Court concludes that the typicality requirement is met.

### 4. Adequacy of Representation

The final question under Rule 23(a) is whether Plaintiffs and their counsel will perform as adequate representatives for the class. Fed. R. Civ. P. 23(a)(4). In performing this inquiry, the Court looks to whether (1) named plaintiffs or counsel have any conflicts of interest with other

class members, and (2) named plaintiffs and counsel will "prosecute the action vigorously on behalf of the class[.]" *Hanlon*, 150 F.3d at 1020.

Once again, the record before the Court demonstrates no conflicts of interest, but rather that the named Plaintiffs' interests are aligned with those of the class. (Dkt. No. 7 at 2; Dkt. No. 8 at 2–3.) The same is true of class counsel: three legal organizations with significant experience litigating on behalf of low-income medical consumers. (Dkt. Nos. 20, 21, 22, and 24.) Once again, the WHCA does not attempt to refute the adequacy of representation. (Dkt. No. 28.) The Court finds this prong of the class certification test satisfied.

### C. Rule 23(b)(2) Application

"The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011). "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Id.* Here, the Court has already ruled on the appropriateness of injunctive relief which applies to each member of the class proposed by Plaintiffs. (Dkt. No. 40 at 11.)

Certification under Rule 23(b)(2) is appropriate here. The Plaintiffs are "not asking the court to make separate determinations concerning the individual services that are appropriate for each class member. Rather, class members seek relief from systemic barriers to proper treatment and services." *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1333 (W.D. Wash. 2015), *reconsideration denied*, No. C14-0567JLR, 2015 WL 4076789 (W.D. Wash. July 1, 2015). The relief sought—and, indeed, already preliminarily awarded—in this case is applicable to the class as a whole.

### D. Practical Considerations

As discussed above, after granting Plaintiffs' motion for a preliminary injunction, the Court requested additional briefing to determine whether the issuance of the injunction had a

practical impact on Plaintiffs' request for class certification. (Dkt. No. 41.) Plaintiffs assert that certification will protect the due process rights of absent class members via notice and enforcement, enable class counsel to more meaningfully ensure that the court-ordered preliminary injunction is followed, promote efficient litigation, and prevent the mootness of the named Plaintiffs' claims. (Dkt. No. 42.)

In its supplemental response, the WHCA once again emphasizes that a class action is "unnecessary" despite the lack of a necessity requirement in Rule 23. (Dkt. No. 45 at 3–4.) The WHCA refutes the notion that class certification would assist in enforcing the preliminary injunction, pointing out that it has already updated its HCV policy and begun complying with the Court's Order. (*Id.* at 2–3.) The WHCA further argues that notice is being provided by their website and that it "intends to notify all Medicaid recipients who were previously denied about the updated Treatment Policy." (*Id.* at 6.)

These prudential concerns contribute to the appropriateness of class certification. In addition to the Rule 23 factors being met, the Court emphasizes the need to provide notice to class members and ensure enforcement of the preliminary injunction. While publication of the changes to the HCV treatment policy on the WHCA is an important start, there are hundreds, if not thousands, of Medicaid enrollees affected by the newly increased availability of DAAs. (Dkt. No. 24-1 at 2) (estimating 4,700 individuals would be covered if WHCA expanded its policy to cover HCV patients with a fibrosis score of F2). Individualized notice will be helpful and appropriate to ensure access to medically-necessary treatment. While the WHCA cites to a website and a portion of the Coats McCarthy Declaration for the premise that it *will* provide notice, on review the Court finds no such assurances in the materials cited, let alone a specific course of action about how and when notice will occur. (*See* Dkt. No. 45 at 6.) Class certification will ensure that this notice and enforcement of the Court's Order is vetted by both parties and the Court rather than unilaterally determined by the WHCA.

Finally, as a practical matter, if a broadly-applicable preliminary injunction nullified

requests for class certification, Fed. R. Civ. P. 23(b)(2) would be rendered meaningless. Rather than militating against class certification, the existence of the preliminary injunction actually weighs in favor of certification especially considering the need to explain the Court's ruling to all class members. This is consistent with other rulings from this Court. *See K.M. v. Regence BlueShield*, 2014 WL 801204, at *15–16 (W.D. Wash. Feb. 27, 2014) (certifying class and granting preliminary injunction); *Gonzales v. U.S. Dep't of Homeland Sec.*, 239 F.R.D. 620, 623–29 (W.D. Wash. 2006), *vacated and remanded on other grounds*, 508 F.3d 1227 (9th Cir. 2007) (certifying 23(b)(2) class and ordering preliminary injunction); *Gorbach v. Reno*, 181 F.R.D. 642, 644 (W.D. Wash. 1998) (ordering a preliminary injunction and certifying class in order to effectuate nationwide relief).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for class certification (Dkt. No. 17) is GRANTED.

The Court certifies the following class:

All individuals who:
(1) Are or will be enrolled in Washington State Health Care Authority's Medicaid Program on or after October 10, 2014;

(2) Require, or are expected to require treatment for Hepatitis C with Harvoni/ledipasvir-sofosbuvir or other similar direct acting antivirals under the current guidelines adopted by the American Association for the Study of Liver Diseases and the Infectious Diseases Society of America; and

(3) Do not meet the coverage criteria for HCV medication adopted by WHCA in February 2015, as reflected in Appendix 1 to Plaintiffs' Complaint (Dkt. No. 1-1.)

The Court further appoints B.E. and A.R. as class representatives and appoints Richard E. Spoonemore and Eleanor Hamburger of Sirianni Youtz Spoonemore Hamburger, Amy L. Crewdson of Columbia Legal Services, and Kevin Costello of Harvard Law School Center for Health Law and Policy Innovation as class counsel.

//

1  DATED this 21st day of July 2016.

2

3

4

5

6

7
   John C. Coughenour
8  UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER CERTIFYING CLASS
PAGE - 10