THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| B. E. and A.R., on their own behalf and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>DOROTHY F. TEETER, in her official capacity as Director of the Washington State Health Care Authority<br><br>Defendant. | CASE NO. C16-227-JCC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER PRELIMINARILY APPROVING THE SETTLEMENT |
|---|---|

Upon consideration of Plaintiffs' unopposed motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the settlement of this action (Motion for Preliminary Approval, Dkt. No. 59) and in accordance with the parties' settlement agreement (Agreement, Dkt. No. 59-1 at 2) the Court ORDERS as follows:

1.      Based on the record before it, the Court tentatively finds, pursuant to Federal Rule of Civil Procedure 23(e), that the Agreement attached as Appendix A to the Motion for Preliminary Approval (Dkt. No. 59-1 at 2) is fair, reasonable, and adequate.  The Court finds that:

(a) the Agreement resulted from extensive arm's-length negotiations;

(b) there is no evidence at this stage of the proceedings of fraud, collusion, or

overreaching, or that the rights of absent Class Members were disregarded; and

(c) counsel has sufficient experience in similar litigation to propose the Agreement. The Agreement codifies this Court's May 27, 2016, preliminary injunction order (Dkt. No. 40) for a period of three years and restricts Washington State Health Care Authority's (WHCA) ability to enforce its February 25, 2015, treatment policy that restricted access to treatment based on fibrosis score. The Agreement appears to provide substantial prospective relief to the class members; *i.e.*, class members will be entitled to seek coverage for direct-acting antivirals to treat Hepatitis C without regard to their fibrosis score, subject only to narrow and reasonable exceptions. The Court's preliminary approval is subject to change pending the outcome of the final settlement approval hearing (Fairness Hearing) established herein.

2.    The Court finds that the proposed class notices, attached as Appendices B, C, and D to the Motion for Preliminary Approval (Dkt. No. 59 at 16, 21, 26) meet the requirements of Federal Rule of Civil Procedure 23, due process, and the applicable law. The proposed notices fairly and adequately describe the terms of the Agreement, including the attorney fees and costs and incentive awards; give notice of the time and place of the Fairness Hearing; and describe how a class member may comment on, object to, or support the Agreement. The Court ORDERS that the blanks in the proposed notices shall be filled in prior to mailing to reflect the dates and deadlines set forth in this Order.

3.    The Court DIRECTS the WHCA to mail, by direct first-class United States mail, forwarding requested, the following notices:

(1) to all class members who are currently on Medicaid and previously requested treatment with a DAA, the form of notice attached as Appendix C to the Motion for Preliminary Approval (Dkt. No. 59-1 at 21);

(2) to all class members who are not currently on Medicaid and previously requested treatment with a DAA, the form of notice attached as Appendix D to the Motion for Preliminary Approval (Dkt. No. 59-1 at 26);

Case 2:16-cv-00227-JCC   Document 63   Filed 01/05/17   Page 3 of 4

(3) to all other class members, the form of notice attached as Appendix B to the Motion for Preliminary Approval (Dkt. No. 59-1 at 16).

WHCA shall complete its mailing within 21 days after the date of this Order.  WHCA shall submit a declaration to the Court confirming its compliance with the class notice procedures contained in this Order and in the Agreement within 30 days of the date of this Order.

4.      Within 14 days of the date of this Order, WHCA shall prominently post on its web page a link to the Agreement and the class notice in the form attached as Appendix B to the Motion for Preliminary Approval (Dkt. No. 59-1 at 16).

5.      Within 14 days of the date of this Order, class counsel shall establish the settlement web page identified in the class notices.  The web page shall contain the information referenced in the Agreement section 2.2.3.2.

6.      The Court concludes that direct mail notice to the class, in addition to web-based notice, is the best notice practicable under the circumstances and complies with the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law.

7.      A Fairness Hearing to consider whether the proposed Agreement is fair, reasonable, and adequate and should be finally approved is scheduled for April 4, 2017, at 9 a.m. at the United States Courthouse, 700 Stewart Street, Seattle, WA 98101.

8.      A class member who wishes to comment on or object to the Agreement must submit written comments and/or objections to the Court no later than March 21, 2017.

9.      A class member who wishes to appear at the Fairness Hearing may do so if he or she submits written notice to the Court, with copies to counsel, that he or she intends to appear in person or through counsel.  In that written notice to appear, the Class Member must describe the nature of his or her comment or objection.  Written notice of intent to appear must be filed with the Court and mailed to counsel by March 21, 2017.

10.      A Motion for Final Approval of the Agreement, together with any supporting declarations or other documentation, must be filed no later than March 28, 2017.  Class counsel

ORDER GRANTING PLAINTIFF'S MOTION FOR
AN ORDER PRELIMINARILY APPROVING THE
SETTLEMENT
PAGE - 3

shall also mail the Motion for Final Approval to all class members who object to the Agreement or file written notice with the Court that they intend to appear at the Fairness Hearing.

11.     Class counsel shall file any motion for an award of attorney fees or reimbursement of expenses or costs and any motion for an incentive awards no later than February 17, 2017. Class counsel shall post this motion on the settlement web page within three days of its filing with the Court.

12.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to class members, and it retains jurisdiction to consider all further applications arising out of or connected with the Agreement.  The Court may approve the Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to class members.

DATED this 5th day of January 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR
AN ORDER PRELIMINARILY APPROVING THE
SETTLEMENT
PAGE - 4