THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

B. E. and A.R., on their own behalf and on behalf of all similarly situated individuals,

Plaintiffs,

v.

DOROTHY F. TEETER, in her official capacity as Director of the Washington State Health Care Authority,

Defendant.

CASE NO. 2:16-cv-00227-JCC

CLASS'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT, AWARD OF ATTORNEYS' FEES, LITIGATION COSTS, AND CASE CONTRIBUTION AWARDS TO PLAINTIFFS

**Noted for Consideration:**
**April 4, 2017 at 9:00 a.m.**

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – 1
[Case No. 2:16-cv-00227-JCC]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 5TH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................ 1

II.    EVIDENCE RELIED UPON ......................................................................... 2

III.   FACTS............................................................................................................. 2

IV.    OVERVIEW OF THE SETTLEMENT AGREEMENT ................................ 3

    A.   Defendant Shall Provide Coverage for Prescription Medications
        to Medicaid Enrollees to Treat HCV Without Regard to Fibrosis
        Score ...................................................................................................... 3

    B.   Class Release .......................................................................................... 4

    C.   Termination of Settlement Agreement .................................................. 4

    D.   Attorneys' Fees, Litigation Costs, and Case Contribution
        Awards .................................................................................................... 5

V.     LAW AND ARGUMENT ............................................................................... 5

    A.   Legal Standards for the Approval of a Class Action Settlement
        Agreement............................................................................................... 5

    B.   All of the Factors Support Final Approval of the Settlement
        Agreement............................................................................................... 6

    C.   No Objections Were Filed ...................................................................... 7

        1.   Confusion about the Class Notice: ............................................... 7

        2.   Complaints about past denials of treatment for HCV:.................. 8

        3.   Requests for assistance:................................................................ 8

        4.   Request for monetary damages or a case contribution award:.................. 8

        5.   Appreciation for Increased Access to Treatment. ....................... 9

    D.   The Lodestar Attorneys' Fees, Litigation Costs, and Case
        Contribution Awards Sought by Class Counsel Are Reasonable........................ 9

VI.    CONCLUSION ................................................................................................ 9

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – ii
[Case No. 2:16-cv-00227-JCC]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 5TH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

## TABLE OF AUTHORITIES

### Cases

*Churchill Vill., L.L.C. v. GE,*
   361 F.3d 566 (9th Cir. 2004) .................................................................................. 7

*Davis v. City and County of San Francisco,*
   890 F.2d 1438 (9th Cir. 1989) ................................................................................ 6

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998) ................................................................................ 6

*In re Omnivision Techs.,*
   559 F. Supp. 2d 1036 (N.D. Cal. 2007) ............................................................ 6, 7

*Nat'l Rural Telecom. Coop., v. DIRECTV, Inc.,*
   221 F.R.D. 523 (C.D. Cal. 2004) ....................................................................... 6, 7

*Officers for Justice v. Civil Serv. Comm'n,*
   688 F.2d 615 (9th Cir. 1982) .................................................................................. 5

*Rodriguez v. West Publ. Corp.,*
   2007 U.S. Dist. LEXIS 74767 (C.D. Cal. Sept. 10, 2007) ...................................... 7

### Rules

Fed. R. Civ. P. 23(e)(2) ................................................................................................ 5

### Treatises

4 A. Conte & H. Newberg, Newberg on Class Actions, § 11:50 (4th ed. 2002) ............... 6

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – iii
[Case No. 2:16-cv-00227-JCC]

Sirianni Youtz
Spoonemore Hamburger
701 5th Avenue, Suite 2560
Seattle, Washington 98104
Tel. (206) 223-0303   Fax (206) 223-0246

## I.  INTRODUCTION

This groundbreaking settlement codifies this Court's May 27, 2016, Preliminary Injunction Order (Dkt. No. 40) which provided broad prospective relief to thousands of Medicaid patients with Hepatitis C virus (HCV) so that they could receive the medications they need to cure their disease.  The Court's Order and this subsequent settlement agreement has saved many lives.  The comments from dozens of callers and writers reflect it.

If the Settlement Agreement is finally approved, the Washington State Health Care Authority (WHCA) will be required to follow the Court's Order for at least three years.  The Settlement Agreement provides ongoing injunctive relief, notice to all class members about the availability of HCV medication through the Medicaid program without rationing on the basis of fibrosis score, attorneys' fees and costs, and a small case contribution award for each named plaintiff.

In response to the invitation for comment from the Class, the Court Clerk received 13 letters from class members which have been filed under seal.  Class counsel and the Office of the Attorney General received eight additional letters which are filed under seal with this Motion. Hamburger Decl., *Exhs. A-H*.  Class counsel spoke with, left messages for or sent a letter to all class members who submitted comments.  *Id.*, ¶¶2-6.  They also fielded dozens of calls from class members. *Id.*

Not a single caller or commenter objected to the Agreement.  The vast majority of class members who commented or called were grateful for the settlement. *Id.* Many simply wanted more information as to how they could access the HCV medication.  *Id.*

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – 1
[Case No. 2:16-cv-00227-JCC]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 5TH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

The lack of objectors is significant. No class member objected to (1) the prohibition on WHCA's rationing of treatment based upon fibrosis score; (2) the attorneys' fees sought; (3) the requested litigation costs; (4) the proposed case contribution awards for named plaintiffs; or (5) any other aspect of the Settlement Agreement. The lack of objectors to the merits of the Agreement, and the overwhelming support for the Agreement from the class members who did send in letters or made telephone calls, confirms that it is an outstanding resolution for all involved.

The Court should approve the proposed Settlement Agreement as fair, reasonable and adequate.

## II.  EVIDENCE RELIED UPON

The parties rely upon the Declaration of Eleanor Hamburger submitted with this Motion as well as the records and pleadings in this case. The Defendant does not oppose this motion.

## III.  FACTS

Notice was sent to class members by direct first-class United States mail consistent with the Court's Orders. Dkt. No. 66. The notices described the terms of the Agreement, including the attorney fees, litigation costs, and case contribution awards; gave notice of the time and place of the Fairness Hearing; and described how a class member may comment on, object to, or support the Agreement. *See* Dkt. No. 59-1, Appendices B, C, and D. The notices also explained how class members can request to attend the Fairness Hearing in person. *Id.* The deadline for submitting objections, comments or requests to appear was March 21, 2017. Dkt. No. 63 at 3.

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – 2
[Case No. 2:16-cv-00227-JCC]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 5TH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

No objections to the Agreement from class members were received. Hamburger Decl., ¶2. Several class members wrote letters in support of the Agreement. *Id.* At least one class member requested to participate at the hearing. Dkt. No. 80. Class counsel spoke with dozens of class members by telephone, the vast majority of whom were supportive of the Agreement. *Id.*

### IV. OVERVIEW OF THE SETTLEMENT AGREEMENT

This section summarizes the key terms of the Settlement Agreement.

**A.   Defendant Shall Provide Coverage for Prescription Medications to Medicaid Enrollees to Treat HCV Without Regard to Fibrosis Score**

The Settlement Agreement requires Defendant to conform to the requirements of this Court's preliminary injunction Order for three years. Under that Order, the Defendant was enjoined from continuing to apply its February 25, 2015 HCV treatment coverage policy, including its exclusion of all treatment coverage based on fibrosis score, and is required to return to providing coverage for prescription medications to treat HCV without regard to fibrosis score, consistent with existing state and federal Medicaid requirements. Dkt. No. 59-1 at 7.

If medical standards or guidance regarding fibrosis scores and HCV treatment change, or federal Medicaid law relevant to the claims in this case change, WHCA may revise its coverage criteria consistent with those changes. *Id.* WHCA must provide Class counsel of written notice of such changes with 30 days of advance notice if the revisions are made within three years of the Agreement's Effective Date, and are not consistent with the American Association for the Study of Liver Diseases' (AASLD's) or the

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – 3
[Case No. 2:16-cv-00227-JCC]

Infectious Diseases Society of America's (IDSA's) then-current guidance regarding HCV treatment. *Id.* This protects class members against unannounced changes in Medicaid policy that might adversely affect them in the future.

**B.     Class Release**

If approved, Plaintiffs and the Class will release Defendant from any and all claims for injunctive and declaratory relief related to WHC's exclusion of coverage for Harvoni and other similar DAAs for the treatment of HCV due to fibrosis score for the Class, including but not limited to claims for relief under the Medicaid Act, attorney's fees and costs. Dkt. No. 59-1 at 6. This Release does not include a release of claims for damages to the extent that those exist outside this Action or any claims that could have been brought under state law. *Id.* This Release is binding on Plaintiffs, the Class, and all their lawful heirs, beneficiaries, representatives, assigns, attorneys and agents. *Id.*

**C.     Termination of Settlement Agreement**

The Settlement Agreement shall automatically terminate under the following conditions: (1) if this Court declines to finally approve the Settlement; (2) if the Ninth Circuit Court of Appeals reverses the Court's Order approving the Settlement and no appeal is pending from such a ruling; or (3) if the United States Supreme Court reverses this Court's Order approving the Settlement and no appeal is pending from such a ruling. *Id.* at 8. If an appeal is pending of an order declining to approve the Agreement, the Agreement shall not terminate until final resolution or dismissal of any such appeal, unless the Parties stipulate to termination in writing. *Id.* If the Agreement is terminated,

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – 4
[Case No. 2:16-cv-00227-JCC]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 5TH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

the case shall revert back to its status as of August 3, 2016 and all Releases shall be null and void. *Id.*

**D.      Attorneys' Fees, Litigation Costs, and Case Contribution Awards**

The Settlement Agreement provides that Defendant will pay class counsel its reasonable attorneys' fees and litigation costs in addition to case contribution awards to each class representative. *Id.* at 9. Plaintiffs have filed an unopposed motion to for the Court to approve an award of attorneys' fees of $335,377.00, litigation costs of $8,016.86, and case contribution awards for the two class representatives in the amount of $7,500 each to be paid by Defendant. Dkt. 68. That motion remains pending. No class members will be responsible for payment of any attorneys' fees, litigation costs, or case contribution awards. No class member objected to the amount of the fees, expenses, or awards. Hamburger Decl., ¶2.

**V.   LAW AND ARGUMENT**

**A.      Legal Standards for the Approval of a Class Action Settlement Agreement**

Before a settlement on behalf of a certified class may be finalized, the court must find that the proposed agreement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In analyzing the fairness, reasonableness, and adequacy of an agreement, courts consider a number of factors, the weight of which will vary depending on the unique circumstances of each case. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). These factors include:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – 5
[Case No. 2:16-cv-00227-JCC]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 5TH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citation omitted). This process protects absent class members who did not have a direct hand in crafting the settlement. *Davis v. City and County of San Francisco*, 890 F.2d 1438, 1444, n.5 (9th Cir. 1989).

In its Motion for Preliminary Approval, class counsel demonstrated that the Settlement Agreement meets all of the factors except for assessing the reaction of class members. *See* Dkt. No. 59. Now that notice has been provided to class members, the Court is in a position to gauge class-wide reaction. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms … are favorable to class members." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007). "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.'" *Nat'l Rural Telecom. Coop., v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (quoting 4 A. Conte & H. Newberg, NEWBERG ON CLASS ACTIONS, § 11:50 at 155 (4th ed. 2002)). Here, each factor weighs strongly in favor of approval.

**B.    All of the Factors Support Final Approval of the Settlement Agreement**

Under the Agreement, class members have obtained complete relief of their claims which sought access to treatment for HCV with Harvoni or a similar DAA medication without rationing on the basis of fibrosis score. Dkt. No. 1, ¶¶37-42. Class members did not compromise to obtain this outcome, due largely to the Court's orders on preliminary injunction and class certification. Shortly after these orders were issued, the parties were

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – 6
[Case No. 2:16-cv-00227-JCC]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 5TH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

able to reach a Settlement Agreement that avoided further litigation, and the associated expense and uncertainty.

In a very short period of time, this case has become a landmark for coverage of HCV medications. The Plaintiffs' success here has driven similar litigation in other states. *See, e.g., J.E.M. v. Tidball*, No. 2:16-cv-04273-SRB (W.D. Mo. Oct. 18, 2016); *Henderson v. Tanner*, 2017 U.S. Dist. LEXIS 37862 at *9 (M.D. La. Feb. 16, 2017); *Abu-Jamal v. Kerestes*, 2016 U.S. Dist. LEXIS 117379 at *42 (M.D. Pa. Aug. 31, 2016).

**C.      No Objections Were Filed**

The absence of objections establishes a strong presumption in favor of approval. *Nat'l Rural Telecom. Coop.*, 221 F.R.D. at 529.   Where, as here, no class member has expressed opposition to the terms of the settlement agreement, "the lack of objection of the Class Members favors approval of the Settlement Agreement."   *In re Omnivision Techs.*, 559 F. Supp. 2d at 1043.   *Cf., Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 577 (9th Cir. 2004) (45 objections out of 90,000 notices sent); *Rodriguez v. West Publ. Corp.*, 2007 U.S. Dist. LEXIS 74767, at *33 (C.D. Cal. Sept. 10, 2007) (54 objections out of 376,000 notices). Here, no objections were received. Hamburger Decl., ¶2.  This factor weighs strongly in favor of approval.

The parties' counsel and the Court received 21 written comments.  None state that they are objections to the settlement agreement.  All fall into the following categories:

**1.      Confusion about the Class Notice:**

Some class members wrote letters because they believe that they needed to take action in order to be eligible for benefits under the Settlement Agreement.  *See* Dkt. Nos.

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – 7
[Case No. 2:16-cv-00227-JCC]

67, 73, 75, 76, 76 (a), Hamburger Decl., *Exh. E.* This confusion was also evident in the telephone calls handled by class counsel. Hamburger Decl., ¶3. Class counsel have attempted to reach each caller and commenter to answer their questions and clarify how they can obtain coverage for HCV medication, if they are still enrolled in Medicaid. *Id.*

**2.      Complaints about past denials of treatment for HCV:**

Many of the commenters complained that they had been denied coverage for treatment of HCV by Washington Medicaid Plan. *See e.g.,* Dkt. No. 67, 78, Hamburger Decl., *Exhs. C, D, G.* Many calls to class counsel reflected similar complaints. *Id.*, ¶4. That very issue is what drove named plaintiffs B.E. and A.R. to pursue this class action lawsuit. Class counsel attempted to reach each commenter to ensure that they knew how to access treatment now. *Id.*

**3.      Requests for assistance:**

A significant number of class members commented on the litigation along with a request for assistance with accessing the treatment afforded by the Court's Preliminary Injunction Order and the Settlement Agreement. *See* Dkt. No. 75, 76 (a); 78, 79; Hamburger Decl., *Exh. A, F.* Class counsel also attempted to reach them to discuss how they could access treatment now, even if they were no longer enrolled in Medicaid. *Id.*, ¶¶4-5.

**4.      Request for monetary damages or a case contribution award:**

One commenter requested financial assistance due to the delay in obtaining treatment. *See* Dkt. No. 74. This was also a frequent topic discussed in the calls received by class counsel. Hamburger Decl., ¶6. Class counsel attempted to explain that the case

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – 8
[Case No. 2:16-cv-00227-JCC]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 5TH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

contribution award was a discretionary award that could be issued by the Court to the named plaintiffs to compensate them for the time, risk and effort in bringing the case. *Id.* Additionally, no claims for damages were waived by the Settlement Agreement. *Id.*

**5.    Appreciation for Increased Access to Treatment.**

At least one of the commenters thanked the Court and the parties' counsel for achieving this outcome. *See id.*, *Exh. B.* Class counsel received many other calls in which class members thanked them for pursuing the case, some where the class member called to report that they were already cured. *Id.,* ¶2.

**D.    The Lodestar Attorneys' Fees, Litigation Costs, and Case Contribution Awards Sought by Class Counsel Are Reasonable**

Class counsel has filed an unopposed motion for the court to approve its lodestar fees, litigation costs, and case contribution awards to the two class representatives. Dkt. No. 68. The motion is posted on class counsel's website and its substance was included in the notice to the Class. Dkt. 59-1, Appendices B, C, and D. Not a single class member objected to Defendant's payment of attorneys' fees, litigation costs, or case contribution awards to class representatives. Defendant does not object to the payment. Given the extraordinary outcome in the Settlement Agreement, the attorneys' fees, litigation costs, and case contribution awards are reasonable, and should be awarded.

**VI. CONCLUSION**

For the foregoing reasons, the parties respectfully urge this Court to enter the accompanying Proposed Order granting final approval of the Settlement Agreement and providing for continuing jurisdiction to enforce its terms.

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – 9
[Case No. 2:16-cv-00227-JCC]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 5TH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

DATED:  March 28, 2017.

**SIRIANNI YOUTZ SPOONEMORE HAMBURGER**

*s/ Richard E. Spoonemore*

Richard E. Spoonemore (WSBA #21833)
Eleanor Hamburger (WSBA #26478)
rspoonemore@sylaw.com • ehamburger@sylaw.com

**COLUMBIA LEGAL SERVICES**

*s/ Amy L. Crewdson*

Amy L. Crewdson (WSBA #9468)
amy.crewdson@columbialegal.org
711 Capitol Way South, #304
Olympia, WA 98501
Telephone: (360) 943-6585, Ext. 214

**HARVARD LAW SCHOOL CENTER FOR HEALTH LAW & POLICY INNOVATION**

*s/ Kevin Costello*

Kevin Costello (admitted *pro hac vice*)
kcostello@law.harvard.edu
122 Boylston Street
Jamaica Plain, MA 02130
Telephone: 617-390-2578

Attorneys for Plaintiff Class

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – 10
[Case No. 2:16-cv-00227-JCC]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 5TH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- **Angela D. Coats McCarthy**
  AngelaC3@atg.wa.gov, HilaryS@atg.wa.gov, ChristineH1@atg.wa.gov, NicoleB3@atg.wa.gov

- **Kevin Costello**
  kcostello@law.harvard.edu, dilseysays@hotmail.com

- **Amy Louise Crewdson**
  amy.crewdson@columbialegal.org

- **Eleanor Hamburger**
  ehamburger@sylaw.com, matt@sylaw.com, theresa@sylaw.com

- **Nissa Ann Iversen**
  NissaI@atg.wa.gov, HilaryS@atg.wa.gov, christineh1@atg.wa.gov, NicoleB3@atg.wa.gov

- **Jennifer Smith Meyer**
  jennis1@atg.wa.gov, HilaryS@atg.wa.gov, christineh1@atg.wa.gov, NicoleB3@atg.wa.gov

- **Richard E Spoonemore**
  rspoonemore@sylaw.com, matt@sylaw.com, rspoonemore@hotmail.com, theresa@sylaw.com

DATED:  March 28, 2017, at Seattle, Washington.

*s/ Richard E. Spoonemore*

Richard E. Spoonemore (WSBA #21833)

CLASS'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AGREEMENT, ETC. – 11
[Case No. 2:16-cv-00227-JCC]