THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| B. E. and A.R., on their own behalf and on behalf of all similarly situated individuals,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>DOROTHY F. TEETER, in her official capacity as Director of the Washington State Health Care Authority,<br><br>　　　　　　Defendant. | CASE NO. C16-0227-JCC<br><br>ORDER FINALLY APPROVING CLASS SETTLEMENT |

I.     **BACKGROUND**

On January 5, 2017, the Court preliminarily approved a proposed Settlement Agreement, attached at Dkt. No. 59-1 (Agreement), between the class and Defendant Dorothy F. Teeter, in her official capacity as the Director of the Washington State Health Care Authority (WHCA). (Dkt. No. 63.) In conjunction with that order, the Court directed notice to be provided by direct mail to all class members by January 26, 2017. The Court approved a form of notice.

The order further provided that class members who wished to comment on or object to the proposed Agreement were required to do so by March 21, 2017.  Class members were informed of their rights, and of this deadline, in the notices that were mailed to them.

The order further scheduled a final settlement hearing, which was held on April 4, 2017, to consider objections and comments by class members and to determine whether the proposed Agreement is fair, reasonable, adequate, and should be approved by the Court.

## II.    FINDINGS

1.    The parties have reached a Settlement Agreement providing coverage for direct acting antiviral medications for the treatment of class members diagnosed with Hepatitis C, the exact terms of which are set out in the Agreement.

2.    The Agreement codifies this Court's May 27, 2016, preliminary injunction order, (Dkt. No. 40), for a period of three years and restricts WHCA's ability to enforce its February 25, 2015 treatment policy that restricted access to treatment based on fibrosis score.  The Agreement provides substantial prospective relief to the class members; *i.e.*, class members will be entitled to seek coverage for direct-acting antivirals to treat Hepatitis C without regard to their fibrosis score, subject only to narrow and reasonable exceptions.

3.    The Court's order required WHCA to mail court-approved notices to class members by direct mail.  The notices informed class members that they had an opportunity to object or submit comments to the Court regarding the proposed Agreement and that they must do so in writing by March 21, 2017.  Counsel for WHCA confirmed, by declaration, that the notices were timely mailed.  (Dkt. No. 66.)

4.    The Court and the Parties received 21 letters concerning the Settlement Agreement.  The majority of the letters were supportive of the Agreement, while others were written by class members seeking information on how to obtain treatment. Significantly, no class members objected to the Settlement Agreement or any of its terms or conditions.

## III.    CONCLUSIONS

5.    Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the

court's approval."  Compromise and arbitration of complex litigation is encouraged and favored by public policy.  *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

6.      A presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery. *See, e.g.*, *Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 625 (9th Cir. 1982); *Pickett v. Holland Am. Line-Westours, Inc.*, 145 Wn. 2d 178, 209, 35 P.3d 351 (2001).

7.      The following factors are generally considered when determining whether a settlement is fair, adequate, and reasonable:  the likelihood of success by plaintiffs; the amount of discovery or evidence; the settlement terms and conditions; recommendation and experience of counsel; future expense and likely duration of litigation; recommendation of neutral parties, if any; number of objectors and nature of objections; and the presence of good faith and absence of collusion.  *Officers for Justice*, 688 F.2d at 625.

8.      Based upon these factors, the Court finds that the Agreement is fair, reasonable, and in the best interests of the class.  The requirement of Federal Rule of Civil Procedure 23 and due process have been satisfied.

9.      Specifically, the Court concludes that the Agreement was the result of arm's-length bargaining.  It was reached after discovery and motions practice, including a preliminary injunction order from this Court.  Although the class had a strong likelihood of success, a settlement in which class members will be able to obtain coverage of direct acting antivirals for the treatment of their Hepatitis C without regard to fibrosis score achieves the goals of the litigation.  There is no evidence of collusion between the parties, and the agreement was reached in good faith.

10.    The class was provided with adequate notice, and due process has been satisfied in connection with the distribution of the notice.  There were no objections to the proposed Agreement.

ORDER FINALLY APPROVING CLASS
SETTLEMENT
PAGE - 3

## IV.    EXTENSION OF INJUNCTION ORDER

11.    Pursuant to Sections 2.3 and 5.1.1 of the Settlement Agreement, the class requests, and WHCA does not oppose, that the Court order that the requirements contained in the May 27, 2016 Preliminary Injection Order, (Dkt. No. 40), remain in effect for a period of three years from the effective date of the settlement.  The Court so orders.  WHCA shall not apply its February 25, 2015 Hepatitis C virus (HCV) treatment policy, including its exclusion of all treatment based on fibrosis score, and is required to provide coverage for prescription medications to treat HCV without regard to fibrosis score, consistent with existing state and federal Medicaid requirements for a period of three years from the effective date of settlement. The Court retains jurisdiction for purposes of enforcement of this Order.

## V.    ATTORNEY FEES AND LITIGATION COSTS

12.    Pursuant to the Settlement Agreement, WHCA is obligated to pay the reasonable fees of class counsel.  Class counsel seeks $335,377 in fees, which WHCA has elected not to oppose.  The Court finds this sum reasonable, and it is approved.

13.    No objections were received to class counsel's fee request.

14.    Class counsel is also entitled to reimbursement of its actual litigation costs and expenses.  Class counsel seeks reimbursement in the sum of $8,016.86, reflecting its unreimbursed actual out-of-pocket litigation costs and expenses.  This request is supported, is reasonable, and is approved.

15.    No objections were received to class counsel's request for an award of costs and expenses.

## VI.    CASE CONTRIBUTION AWARDS

16.    Pursuant to the Settlement Agreement, WHCA has agreed to pay each class representative the sum of $7,500 as a case contribution award.  This amount is reasonable, and is approved.

17.    No objections were received to the request for case contribution awards.

ORDER FINALLY APPROVING CLASS
SETTLEMENT
PAGE - 4

1

**VII.    ORDER**

It is hereby ORDERED that:

1.    The Settlement Agreement is approved as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23.

2.    WHCA is required to provide coverage for direct-acting antivirals (DAAs) for the treatment of HCV as set forth in paragraph 11, *above*.

3.    Class counsel is awarded fees and litigation costs in the amounts of $335,377 and $8,016.86, respectively.

4.    Case contribution awards of $7,500 per named Plaintiff as set forth in the Agreement are approved.

DATED this 10th day of April 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE